PER CURIAM.
This matter is before the Court for consideration of proposed amendments to the Florida Probate Rules. We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(b).
The Probate Rules Committee (Committee) has filed its regular-cycle report of proposed amendments to the Florida Probate Rules. The Committee proposes amending rule 5.060 (Request for Notices and Copies of Pleadings), rule 5.110 (Address Designation for Personal Representative or Guardian; Designation of Resident Agent and Acceptance), rule 5.230 (Commission to Prove Will), rule 5.395 (Notice of Federal Estate Tax Return), rule 5.400 (Distribution and Discharge), rule 5.404 (Notice of Taking Possession of Protected Homestead), rule 5.530 (Summary Administration), rule 5.649 (Guardian Advocate), rule 5.660 (Proceedings for Removal of Guardian), rule 5.681 (Restoration of Rights of Person with Developmental Disability), and rule 5.696 (Annual Accounting). The Committee also proposes adding new rule 5.2405 (Service of Notice of Administration on Personal Representative) to the Florida Probate Rules.
Consistent with Florida Rule of Judicial Administration 2.140(b)(2) (Amending Rules of Court — Schedule for Rules Proposals), the Committee published its proposals for comment before filing them with the Court. No comments were received. After submission to the Court, we republished the proposed amendments for comment. No comments were filed.
Having considered the Committee’s report, we adopt these straightforward amendments to the Florida Probate Rules as proposed by the Committee. The Florida Probate Rules are hereby amended as set forth in the appendix to this opinion. New language is underscored; deleted language is struck through. The committee notes are offered as an explanation only and are not adopted as an official part of the rules. The amendments shall become effective January 1, 2014, at 12:01 a.m.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
*32 Appendix
RULE 5.060. REQUEST FOR NOTICES AND COPIES OF PLEADINGS
(a) Request. Any interested person who desires notice of proceedings in the estate of a decedent or ward may file a separate written request for notice of further proceedings, designating therein such person’s residence and post office address. When such person’s residence or post office address changes, a new designation of such change shall be filed in the proceedings. A person filing such request, or address change, shalimust also^ deliver a copy thereof to the clerk, who-shall forthwith mail it-toserve a copy on the attorney for the personal representative or guardian, noting on the original the-fac-t of mailing and include a certificate of service.
(b) Notice and Copies. A party filing a request shall be served thereafter by the moving party with notice of further proceedings and with copies of subsequent pleadings and papersdocuments as long as the party is an interested person.
Committee Notes
Rule History
1975-2012 Revision: [NO CHANGE]
2013 Revision: Subdivisions (a) and (b) revised to reflect service of documents, rather than papers. Subdivision (a) revised to shift responsibility for service of the request from the clerk to the interested person making the request for notice and copies. Editorial changes to conform to the court’s guidelines for rule submissions as set forth in AOSCQ6-14.
Statutory References
[NO CHANGE]
Rule References
[NO CHANGE]
RULE 5.110. ADDRESS DESIGNATION FOR PERSONAL REPRESENTATIVE OR GUARDIAN; DESIGNATION OF RESIDENT AGENT AND ACCEPTANCE
(a) Address Designation of Personal Representative or Guardian. Before letters are issued, the personal representative or guardian shalimust file a designation of its residence street address, and mailing address. If the personal representative or guardian is an individual, the designation must also include the individual's residence address. The personal representative or guardian shalimust notify the court of any change in its residence address, street address, or mailing address within 20 days of the change.
(b) Designation of Resident Agent. Before letters are issued, a personal representative or guardian shalimust file a designation of resident agent for service of process or notice, and the acceptance by the resident agent. A designation of resident agent is not required if a personal representative or guardian is (1) a corporate fiduciary having an office in Florida, or (2) a Florida Bar member who is a resident of and has an office in Florida. The designation shalimust contain the name, residence street address, and mailing address of the resident agent. A Florida-office street-address and mailing address for the-atterney as resident agent may be designated in-lieu of a residence address.If the resident agent is an individual who is not an attorney, the designation must also include the individual’s residence address.
(c) [NO CHANGE]
(d) Acceptance by Resident Agent. The resident agent shah must sign a written acceptance of its designation.
(e)-(f) [NO CHANGE]
*33 (g) Successor Agent. If the resident agent dies, resigns, or is unable to act for any other reason, the personal representative or guardian shalimust appoint a successor agent within 10 days after receiving notice that such event has occurred.
Committee Notes
Rule History
1977-2010 Revision: [NO CHANGE]
2013 Revision: Subdivision (b) amended to limit to individuals the requirement that the guardian or personal representative provide a designation of residence address, excluding corporate fiduciaries. Editorial changes to conform to the court’s guidelines for rules submissions as set forth in AOSCQ6-14.
Rule References
[NO CHANGE]
RULE 5.230. COMMISSION TO PROVE WILL
(a) Petition. On petition the court may appoint a commissioner to take the oath of any person qualified to prove the will under Florida law. The petition shalimust set forth the date of the will and the place where it was executed, if known; the names of the witnesses and address of the witness whose oath is to be taken; and the name, title, and address of the proposed commissioner.
(b) Commission. The commission shall-must-be- directed to anya person who is authorized to administer an oath by the laws of Florida, the United States of America, or the state or country where the witness may be found, and it shall empower the commissioner to take the oath of the witness to prove the will and shall direct the commissioner to certify the oath and file the executed commission, copy of the will, oath of the witness, and certificate of commissioner. An oath of the commissioner is not required.
(c) Mailing or Delivery. The petitioner or the petitioner’s attorney shalimust cause the commission, together with a copy of the will, the oath, and the certificate of commissioner, to be mailed or delivered to the commissioner.
(d) Filing. The executed commission, copy of the will, oath of the witness, and certificate of commissioner shalimust be filed.
fy)-Objections, Objections-to-the validity-of -the will shall-follow-the form and procedure set forth in these-rules pertaining-to revocation of probate. -Objections to the-qualifications of the personal representative-shall follow the form and procedure set-forth-in-these r-ales-pertaining to-removal of personal representatives. — Objections-to the venue -or-jurisdiction of the court shall follow the form and procedure set forth-in-the Florida — Rules of Civil' Procedure.
Committee Notes
Rule History
1975-2003 Revision: [NO CHANGE]
2013 Revision: Subdivision (e) deleted because it duplicates subdivision (d) in Rule 5.240. Committee notes revised. Editorial changes to conform to the court’s guidelines for rules submissions as set forth in AOSCQ6-14.
Statutory References
§ 92.50, Fla. Stat. Oaths, affidavits, and acknowledgments; who may take or administer; requirements.
§ 733.101, Fla. Stat. Venue of probate proceedings.
-§ — 733.-109, Fla. Stat. Revocation of pro-
§ 733.201, Fla. Stat. Proof of wills.
*34 § 733.504rFla. Stat. Removal of personal representative; causes for removal.
§ 733.506, Fla. Stat.-Proceedings for removal-
§ 22 U.S.C. 4215 Notarial acts, oaths, affirmations, affidavits, and depositions; fees.
Rule References
Fla. Prob. R. 5.050 Transfer of proceedings.
Fla. Prob. R. 5.270 Revocation of pro-
Fla. Prob. R. 5.440 Proceedings for- removal-
Fla. R. Civ. P. 1.060 Transfers of actions.
RULE 5.2405. SERVICE OF NOTICE OF ADMINISTRATION ON PERSONAL REPRESENTATIVE
(a) Date Notice of Administration is Considered Served on Person who is Personal Representative. Unless service of the notice of administration is waived pursuant to Rule 5.240(e), when a person who is entitled to service of the notice of administration pursuant to Rule 5.240(a) is also a personal representative, the notice of administration shall be deemed served upon the person on the earliest of the following dates:
(1) the date on which the person acknowledges in writing receipt of the notice of administration;
(2) the date on which the notice of administration is first served on any other person entitled to service of the notice of administration (or the first among multiple persons entitled to service); or
(3) the date that is 30 days after the date letters of administration are issued.
(b) Date Other Notices are Considered Served on Person who is Personal Representative. When a person who is entitled to service of notice under these rules or the Florida Probate Code (other than the notice of administration) is also a personal representative, any notice shall be deemed as having been served on the personal representative on the earliest of the following dates:
(1) the date on which the person acknowledges in writing receipt of the notice;
(2) the date on which the notice is required to be served by the personal representative under these rules or the Florida Probate Code; or,
(3) the date on which the notice is first served by the personal representative on any other person entitled to service of the same notice.
Committee Notes
This rule is intended to address situations in which the personal representative is also an interested person in an estate, but claims that he or she has not received the notice of administration, despite the personal representative being required to serve the notice. The receipt of the notice of administration can trigger time limits for the person receiving the notice with regard to certain rights, such as the right to claim an elective share.
Rule History
2013 Revision: New rule.
Statutory References
§ 731.201(23), Fla. Stat. General definitions.
§ 731,301, Fla. Stat. Notice.
§ 731.302, Fla. Stat. Waiver and consent by interested person.
§ 732.2135, Fla. Stat. Time of election; extensions; withdrawal.
§ 732.5165, Fla. Stat. Effect of fraud, duress, mistake, and undue influence.
*35 § 733.101, Fla. Stat. Venue of probate proceedings.
bate. o & I© 2 o s o CO 3 F OO S’ CO CO
§ 733.212, Fla. Stat. Notice of administration; filing of objections.
§ 733.2123, Fla. Stat. Adjudication before issuance of letters.
§ 733.302, Fla. Stat. Who may be appointed personal representative.
§ 733.303, Fla. Stat. Persons not qualified.
§ 733.305, Fla. Stat. Trust companies and other corporations and associations.
§ 733.504, Fla. Stat. Removal of personal representative; causes for removal.
§ 733.506, Fla. Stat. Proceedings for removal.
Rule References
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.050 Transfer of proceedings.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.270 Revocation of probate.
Fla. Prob. R. 5.440 Proceedings for removal of personal representative.
Fla. R. Civ. P. 1,060 Transfers of actions.
RULE 5.395. NOTICE OF FEDERAL ESTATE TAX RETURN
When a federal estate tax return is filed, required to be filed, or will be filed, the personal representative shall file a notice stating the due date of the return. The notice shall be filed within 12 months from the date letters are issued and copies of the notice shall be served on interested persons. Whenever the due date is subsequently extended, similar notice shall be filed and served.
Committee Notes
[NO CHANGE]
Rule History
1984-2003 Revision: [NO CHANGE]
2013 Revision: Clarifies the available option to file a federal tax return even if one is not required by state or federal rule or law.
Rule Reference
[NO CHANGE]
RULE 5.400. DISTRIBUTION AND DISCHARGE
(a)-(b) [NO CHANGE]
(c) Closing Estate; Extension. The final accounting and petition for discharge shall be filed and served on interested persons within 12 months after issuance of letters for an estates not required to filefil-ing a federal estate tax return, otherwise within 12 months from the date the return is due, unless the time is extended by the court for cause shown after notice to interested persons. The petition to extend time shall state the status of the estate and the reason for the extension.
(d)-(e) [NO CHANGE]
Committee Notes
[NO CHANGE]
Rule History
1980-2012 Revision: [NO CHANGE]
2013 Revision: Clarifies the available option to file a federal tax return even if one is not required by state or federal rule or law.
Statutory References
[NO CHANGE]
Rule References
[NO CHANGE]
*36 RULE 5.404. NOTICE OF TAKING POSSESSION OF PROTECTED HOMESTEAD
(a) [NO CHANGE]
(b) Contents of Notice. The notice shall contain:
(1) — (3) [NO CHANGE]
(4) if-known, the location, date¡-aná-time the petition to-determine homestead status- will-be heard, and
^5) if the personal representative is in possession when the notice is filed, the date the personal representative took possession.
(c) [NO CHANGE]
Committee Notes
Rule History
2002-2005 Revision: [NO CHANGE]
2013 Revision: Deletes subdivision (b)(4) because the required information is not appropriate for a Notice of Taking possession, nor does it comply with the Americans with Disabilities Act requirements.
Statutory References
[NO CHANGE]
Rule References
[NO CHANGE]
RULE 5.530. SUMMARY ADMINISTRATION
(a) Petition. The petition shallmust be verified as required by law and shallmust contain:
(1) — (8) [NO CHANGE]
(9) a statement either
(A) that all creditors’ claims are barred or
(B) that a diligent search and reasonable inquiry for any known or reasonably ascertainable creditors has been made and one of the following:
(A)(i) A statement that the estate is not indebted.
(B)(ii) The name and address of each creditor, the nature of the debt, the amount of the debt and whether the amount is estimated or exact, and when the debt is due. If provision for payment of the debt has been made other than for full payment in the proposed order of distribution, the following information shallmust be shown:
(i)(a) The name of the person who will pay the debt.
(ii)(b) The creditor’s written consent for substitution or assumption of the debt by another person.
(iii)(c) The amount to be paid if the debt has been compromised.
(iv)(d) The terms for payment and any limitations on the liability of the person paying the debt;
(10)-(12) [NO CHANGE]
(b) Service. The joinder in, or consent to, a petition for summary administration is not required of a beneficiary who will receive full distributive share under the proposed distribution. Any beneficiary and any known or reasonably ascertainable creditor not joining or consenting shall-must receive formal notice-of the petition.
(c) Testate Estate. In a testate estate, on the filing of the petition for summary administration, the decedent’s will shah must be proved and admitted to probate.
(d) Order. If the court determines that the decedent’s estate qualifies for summary administration, it shallmust enter an order distributing the probate assets and specifically designating the person to whom each asset is to be distributed.
Committee Notes
[NO CHANGE]
Rule History
*37 1991-2012 Revision: [NO CHANGE]
2013 Revision: Subdivision (b) revised to substitute “documents” for “papers.” Committee notes revised. Editorial changes to conform to the court’s guidelines for rule submissions as set forth in AOSCQ6-14.
Statutory References
[NO CHANGE]
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and documents.
Fla. Prob. R. 5.205(a)(3) Filing evidence of death.
Fla. R. Jud. Admin. 2.420 Public access to judicial branch records.
Fla. R. Jud. Admin. 2.425 Minimization of the filing of sensitive information.
Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.
RULE 5.649. GUARDIAN ADVOCATE
(a)Petition for Appointment of Guardian Advocate. A petition to appoint a guardian advocate for a person with a developmental disability may be executed by an adult person who is a resident of this state. The petition must be verified by the petitioner and must state:
(l)-(5) [NO CHANGE]
(6) if authority is sought over any property of the person, a description of that property and the reason why management or control of that property should be placed with a guardian advocate;
(67) the name of the proposed guardian advocate, the relationship of that porsoathe proposed guardian advocate to the person with a developmental disability, the relationship of the proposed guardian advocate with the providers of health care services, residential services, or other services to the person with developmental disabilities, and the reason why this personthe proposed guardian advocate should be appointed. If a willing and qualified guardian advocate cannot be located, the petition shallmust so state; and
(78) whether the petitioner has knowledge, information, or belief that the person with a developmental disability has executed an advance directive under chapter 765, Florida Statutes, or a durable power of attorney under chapter 709, Florida Statutes.
(b) Notice.
(1) — (2) [NO CHANGE]
(3) The notice must state that the person with a developmental disability has the right to be represented by counsel of the person’s own choice and that if the person ■ cannot afford an attorney, the court shall must initially appoint enecounseL
(c) Counsel. Within 3 days after a petition has been filed, the court shallmust appoint an attorney to represent a person with a developmental disability who is the subject of a petition to appoint a guardian advocate. The person with a developmental disability may substitute his or her own attorney for the attorney appointed by the court.
(d) Order. If the court finds the person with a developmental disability requires the appointment of a guardian advocate, the order appointing the guardian advocate shallmust contain findings of facts and conclusions of law, including:
(1) the nature and scope of the person’s inability to make decisions;
*38 (2) the exact areas in which the indM-dualperson lacks ability to make informed decisions about care and treatment services or to meet the essential requirements for the individual’s physical health and safety;
(3) if any property of the person is to be placed under the management or control of the guardian advocate, a description of that property, any limitations as to the extent of such management or control, and the reason why management or control by the guardian advocate of that property is in the best interest of the person;
(34) if the person has executed an advance directive or durable power of attorney, a determination as to whether the documents sufficiently address the needs of the person and a finding that the advance directive or durable power of attorney does not provide an alternative to the appointment of a guardian advocate that sufficiently addresses the needs of the person with a developmental disability;
(45) if a durable power of attorney exists, the powers of the attorney-in-fact, if any, that are suspended and granted to the guardian advocate;
(56) if an advance directive exists and the court determines that the appointment of a guardian advocate is necessary, the authority, if any, the guardian advocate shall exercises over the health care surrogate;
(67) the specific legal disabilities to which the person with a developmental disability is subject;
(78) the name of the person selected as guardian advocate; and
(89) the powers, duties, and responsibilities of the guardian advocate, including bonding of the guardian advocate as provided by law.
(e) Issuance of Letters. Upon compliance with all of the foregoing, letters of guardian advocacy must be issued to the guardian advocate.
Committee Notes
Rule History
2008 Revision: [NO CHANGE]
2013 Revision: New subdivisions (a)(6) and (d)(3) added to address situations in which the guardian advocate will have authority over the property of the person with a developmental disability. New subdivision (e) added to provide for the issuance of letters of guardian advocacy. Editorial changes to subdivisions (a)(7) and (b)(3). Editorial changes to conform to the court’s guidelines for rules submissions as set forth in AOSCQ6-14.
Statutory References
[NO CHANGE]
Rule References
[NO CHANGE]
RULE 5.660. PROCEEDINGS FOR REMOVAL OF GUARDIAN
(a) Notice. Proceedings for removal of a guardian may be instituted by a court, by any surety or other interested person, or by the ward, and formal notice of the petition for removal of a guardian shall must be served on all guardians, other interested persons, next of kin, and the ward. The pleading shallmust state with particularity the reasons why the guardian should be removed.
(b) Accounting. A removed guardian shallmust file with the court an accounting for the guardianship within 20 days after the guardian’s removal. A copy of the accounting shallmust be served on the successor guardian and the ward, unless the ward is a minor or has been determined to be totally incapacitated.
(c) Transfer of Property and Records. The removed guardian (or the guardian’s *39 heirs, personal representative, or surety) shailmust turn over all the property of the ward in the removed guardian’s control and all guardianship records to the duly qualified successor. The successor guardian shailmust, or the ward may, demand of the removed guardian (or the guardian’s heirs, personal representative, or surety) all of those items.
(d) Failure to Comply. If a removed guardian fails to file a true, complete, and final accounting for the guardianship or to turn over to the successor all property of the ward in the removed guardian’s control and all guardianship records, the court shailmust issue a show-cause order.
(e) Guardian Advocates. Subdivisions (b) through (d) of this rule shall apply to guardian advocates only to the extent that the guardian advocate was granted authority over the property of the person with a developmental disability.
Committee Notes
Rule History
1977-2012 Revision: [NO CHANGE]
2013 Revision: Subdivision (b) revised to conform to section 744,511, Florida Statutes. Committee notes revised. Editorial changes to conform to the court’s guidelines for rules submissions as set forth in AOSCQ6-14.
Statutory References
[NO CHANGE]
Rule References
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and documents.
Fla. Prob. R. 5.649 Guardian advocate.
Fla. R. Jud. Admin. 2.420 Public access to .judicial branch records.
Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.
RULE 5.681. RESTORATION OF RIGHTS OF PERSON WITH DEVELOPMENTAL DISABILITY
(a) Contents- of PetitionSuggestion of Restoration of Rights. A petition forsug-gestion of restoration of rights of a person with a developmental disability shallmay be executed by any interested person, including the person with a developmental disability. The suggestion must contain:
(1) faets-that ■support-the-' suggestion that restoration is feasible and would not pose a detriment to the health or welfare of the ward; and
(2)a statement that the person with a developmental disability is capable of exercising some or all of the rights that were granted to the guardian advocate;
(2) evidentiary support for the filing as provided by law; and
(3) the name and address of the attorney representing the person with a developmental disability, if any, known to the petitioner.
(b) Counsel. Within 3 days after filing the-petition, counsel shall be appointed for the person for whom a guardian advocate has been appointed as provided-by lawthe suggestion has been filed, the court must appoint an attorney to represent a person with a developmental disability who is not then represented by counsel as stated in the suggestion.
(c) Notice. Upon filing of the suggestion, if the name and address of the attorney representing the person with a developmental disability is listed in the suggestion, or upon the appointment of counsel, if no name and address of an attorney are listed in the suggestion, the clerk shailmust immediately send notice *40 of the filing of the petitionsuggestion, together with a copy of the petitionsuggestion, to the person with a developmental disability, for — whom a guardian advocate was appointedjthe person’s guardian advocate, the person’s attorney, the attorney for the guardian advocate, if any, and any other interested person as directed by the court. The notice must contain a statement that all objections to the petitionsuggestion must be filed within 20 days after service of the notice. Formal notice shahmust be served on the guardian advocate. Informal notice may be served on the other persons. — The clerk shall ■-file-proof of sendee. Notice need not be served on the petitioner. The clerk must file proof of service.
(d) Objections. Any objection shahmust be in writing and shahmust state with particularity each item to which the objection is directed and the grounds on which the objection is based. The objector shah-must serve notice of hearing on-the objection and a copy of the objection on the person with the developmental disability, the person’s attorney, the person’s guardian advocate, the attorney for the guardian advocate, if any, the next of kin of the person with a developmental disability, and any other interested persons as directed by the court.
(e) Order.
(1) With — Hearing.—The court shall-must enter-an order denying — the peti-tionsuggestion or restoring all or some of the rights that were granted to the guardian advocate. If only some rights are restored to the person with a developmental disability, the order must state which rights are restored and amend the letters of guardian advocacy accordingly. The court need not hold a hearing prior to entering an order restoring rights if no objections are filed and the court is satisfied with the evidentiary support for restoration supplied by the petitioner.
(2) Without Hearing, — If the petitioner has-attaehed -evidence supporting the petition and if-no-objection is filed, the court may restore-all or some of the person’s rights-that-were granted to a guardian advocate.
(f) Amended PlanAdditional Requirements. Within-60-days after the order restoring rights-is entered^ the guardian advocate shall file-an amended-pIanJf personal rights are restored, the guardian advocate must file an amended plan within 60 days after the order restoring rights. If all property rights are restored, a guardian advocate previously granted management or control over property must file a final accounting within 60 days after the order restoring rights. A copy of theany amended plan and accounting shall-must bo promptly served on the person with a developmental disability and the person’s attorney.
Committee Notes
Rule History
2008 Revision: [NO CHANGE]
2013 Revision: Substantial revisions to reflect the designation of the pleading as a Suggestion of Restoration of Rights; the requirement for a statement of evidentiary support, the identification and address of the attorney for the person with a developmental disability; procedures for service of objections; clarification of requirements following a restoration of rights; and editorial changes. Editorial changes to conform to the court’s guidelines for rule submissions as set forth in AOSCQ6-14.
Statutory References
[NO CHANGE]
Rule References
[NO CHANGE]
*41 RULE 5.696. ANNUAL ACCOUNTING
(a) Contents and Filing. The guardian of the property shalimust file an annual accounting as required by law. The annual accounting shalimust include:
(l)-(2) [NO CHANGE]
(b) Substantiating DapersDocuments. Unless otherwise ordered by the court, the guardian need not file the papersdocu-ments substantiating the annual accounting. Upon reasonable written request, the guardian of the property shall make the substantiating papersdocuments available for examination to persons entitled to receive or inspect the annual accounting.
(c) [NO CHANGE]
Committee Notes
Rule History
1991-2012 Revision: [NO CHANGE]
2013 Revision: Subdivision (b) revised to substitute “documents” for “papers.” Committee notes revised. Editorial changes to conform to the court’s guidelines for rule submissions as set forth in AOSCQ6-14.
Statutory References
[NO CHANGE]
Rule References
[NO CHANGE]